IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TONY GLEN ADKINS,       )
      )
      Petitioner,       )
      )
v.       )     Case No. CIV-10-345-F
      )
HECTOR LADEZMA/WARDEN,       )
      )
      Respondent.       )

## REPORT AND RECOMMENDATION

The Petitioner is a federal prisoner who seeks a writ of habeas corpus under 28 U.S.C. § 2241. The threshold question is whether the Petitioner can pursue his claim under the habeas statute (28 U.S.C. § 2241) rather than the statute authorizing a motion to vacate the sentence in his criminal case (28 U.S.C. § 2255). Mr. Adkins anticipates the issue in his supporting brief, arguing that he can pursue the claim under the habeas statute and that any contrary conclusion would be unconstitutional. The undersigned disagrees with both arguments and would hold that Mr. Adkins must pursue his claim under 28 U.S.C. § 2255. Because invocation of this statute would be futile, the Court should dismiss the action rather than transfer it.

## Background

Mr. Adkins was convicted under 18 U.S.C. § 922(g) of being a felon in the possession of a firearm. He was sentenced to prison for 180 months based on an enhancement in 18

U.S.C. § 924(e).  In the present action, the Petitioner challenges the sentence rather than the conviction.

The Petitioner's claim is based on the fact that the sentence had been enhanced under 18 U.S.C. § 924(e).  That statute provided a minimum sentence of fifteen years when a person is convicted under 18 U.S.C. § 922(g) and has at least three prior convictions for a violent felony or serious drug offense.[1]  Mr. Adkins had three prior felony convictions involving aggravated juvenile delinquency, aggravated assault, and aggravated battery. However, he claims that the conviction for aggravated juvenile delinquency did not constitute a "violent felony" or "serious drug offense," rendering the fifteen-year minimum inapplicable.

### Propriety of the Petitioner's Reliance on Section 2241

A petition under 28 U.S.C. § 2241 attacks the execution of a sentence.[2]  In contrast, a motion under 28 U.S.C. § 2255 attacks the validity of a conviction or sentence.[3]

The present claim involves a challenge to the validity of his sentence, and Section 2255 would ordinarily govern.  But Mr. Adkins does not want to proceed under this section

---

[1]    *See* 18 U.S.C. § 924(e)(1) (2006).

[2]    *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[3]    *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that "[p]etitions under § 2241 are used to attack the execution of a sentence" and that proceedings under § 2255 "are used to collaterally attack the validity of a conviction and sentence" (citations omitted)).

because it contains narrow restrictions on a "second or successive" motion[4] and he has already invoked Section 2255 without success.[5] In these circumstances, Mr. Adkins admittedly could not obtain consideration of the merits under Section 2255.[6]

In an effort to avoid Section 2255, Mr. Adkins points to an exception in the statute which allows pursuit of a habeas petition "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of his detention."[7] This language, known as "the savings clause," applies "only in extremely limited circumstances."[8] For example, some courts would regard the remedy under Section 2255 as "inadequate or ineffective" when the

---

[4] Mr. Adkins can only obtain consideration of a "second or successive" motion under Section 2255 if he shows:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255(h) (2009 supp.).

[5] *See* Memorandum in Support of 2241 Petition at pp. 4-5 (Apr. 6, 2010) ("Petitioner's Brief").

[6] Petitioner's Brief at p. 17.

[7] 28 U.S.C.A. § 2255(e) (2009 supp.); *see* Petitioner's Brief at pp. 15-19.

[8] *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

petitioner was "actually innocent" of the crime of conviction.[9] Mr. Adkins invokes the exception,[10] but it does not apply.

Under this theory, Mr. Adkins argues that he is "actually innocent" under 18 U.S.C. § 924(e) because aggravated juvenile delinquency did not constitute a violent felony or serious drug offense. This argument is based on confusion between the basis for the underlying conviction and enhancement of the sentence. Mr. Adkins was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g).[11] He was not convicted under 18 U.S.C. § 924(e)(1), as this statute was used only to enhance Mr. Adkins' sentence. A person might be "actually innocent" of the underlying crime giving rise to the conviction, but he cannot be considered either "guilty" or "innocent" of a sentence enhancement.[12]

The Petitioner bases his claim on an intervening change in the law, which involves redefinition of the term "violent felony" under 18 U.S.C. § 924(e)(1).[13] According to the

---

[9]     In 2006, the Tenth Circuit Court of Appeals stated: "Several circuits have held . . . that a prisoner [subject to a bar from filing a second or subsequent motion under Section 2255] may invoke § 2255's savings clause and seek relief under § 2241 if he can establish his actual innocence of the offense of conviction, though this circuit has not yet addressed the question." *Prevatte v. Gunja*, 167 Fed. Appx. 39, 43 (10th Cir. Feb. 13, 2006) (unpublished op.) (citation omitted).

[10]     Petition for a Writ of Habeas Corpus by a Person in Federal Custody 28 USC §2241 at p. 6 (Apr. 6, 2010); Petitioner's Brief at pp. 17-21.

[11]     *See supra* p. 1.

[12]     *See United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993) (stating that "[a] person cannot be actually innocent of a noncapital sentence").

[13]     *Chambers v. United States*, ___ U.S. ___, 129 S. Ct. 687 (2009).

Petitioner, the new decision would have prevented enhancement of his sentence because aggravated juvenile delinquency would not have constituted a "violent felony."[14]

Even if the Court were to accept this argument, Mr. Adkins would not fall under the exception for "actual innocence" because the characterization of aggravated juvenile delinquency as a violent felony affected only the sentence enhancement rather than his guilt of the underlying offense (possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)).

The Petitioner bases his argument on *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997). This case involved a statute which defined a crime with penalties ranging between five years in prison and life imprisonment.[15] The base offense involved the use or carrying of a firearm during and in relation to a crime of violence or drug trafficking crime.[16] The *Triestman* court discussed the effect of an intervening decision which changed the definition of use or carrying of a firearm under the criminal statute.[17] With the change in case law, the *Triestman* court believed that the petitioner may have been convicted for conduct that was no longer considered unlawful.[18]

---

[14]    *See Chambers v. United States*, ___ U.S. ___, 129 S. Ct. 687, 691-93 (2009).

[15]    *See* 18 U.S.C. § 924(c)(1) (1994).

[16]    *See* 18 U.S.C. § 924(c)(1) (1994).

[17]    *See Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997) (discussing *Bailey v. United States*, 516 U.S. 137 (1995)).

[18]    *See Triestman v. United States*, 124 F.3d at 380 (stating that the petitioner "may [have been] innocent of the crime of which he was convicted"). Citing *Triestman* and other cases from the second, seventh, and eleventh circuits, one court of appeals stated:

Mr. Adkins does not claim that he was innocent of the crime for which he was convicted, possession of a firearm by a convicted felon. He certainly does not regard that conduct as "innocent" under the intervening decision. Instead, Mr. Adkins argues that his sentence should not have been enhanced because one of his three prior convictions would no longer be regarded as a violent felony under 18 U.S.C. § 924(e). No court has applied the savings clause to permit reliance on Section 2241 for claims involving a sentence enhancement rather than an attack on the underlying conviction.[19] *Triestman*, for example, had involved a direct attack on the conviction based on an intervening Supreme Court decision that would have suggested conviction for conduct that was no longer considered a crime.[20] That is not the situation here.

In *In re James Davenport & Sherman Nichols*, 147 F.3d 605 (7th Cir. 1998), the Seventh Circuit Court of Appeals distinguished between:

> Although the precise formulations vary, each of those cases holds, in essence, that a federal prisoner who is "actually innocent" of the crime of conviction, but who never has had "an unobstructed procedural shot" at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed.

*Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000).

[19] *Cf. Dahler v. United States*, 143 F.3d 1084, 1086 (7th Cir. 1998) (dicta) ("Because § 924(e) is a sentencing enhancement rather than an independent offense, the actual-innocence approach . . . appears to be unavailable to [the defendant].").

[20] *See supra* p. 5.

- a first petitioner, who - like Mr. Adkins - invoked the savings clause to challenge a sentence enhancement under 18 U.S.C. § 924(e) by contesting one of the three prior convictions that had been regarded as a "violent felony" and

- a second petitioner, who - like the petitioner in *Triestman* - invoked the savings clause to challenge a conviction under 18 U.S.C. § 924(c) for use of a firearm while in the commission of a drug offense.

The *Davenport* court held that the second petitioner could utilize the savings clause because until the intervening change in case law, he could not have challenged his conviction and the underlying offense could have involved conduct that would no longer have been considered criminal.[21] But the court provided different treatment for the first petitioner. Like Mr. Adkins, the first petitioner had been convicted under 18 U.S.C. § 922(g) of being a felon in possession of a firearm.[22] This offense was not affected by the change in case law, and - like Mr. Adkins - the first petitioner was challenging one of the prior convictions used to enhance the sentence under 18 U.S.C. § 924(e).[23] In these circumstances, invalidation of the prior conviction would not have affected the first petitioner's guilt on the crime of conviction. The Seventh Circuit Court of Appeals explained:

> [The first petitioner] complains that if he is indeed innocent of the "armed career criminal" offense, it is atrocious that he should have no remedy against languishing in prison except for an appeal, which is quite likely to be futile, to executive clemency. But if this complaint were to be accepted, it would make an arbitrary hole in the Antiterrorism Act. [The first petitioner] is attacking his sentence rather than his conviction, for the armed career criminal act is a

---

[21] *In re James Davenport & Sherman Nichols*, 147 F.3d at 610-11.

[22] *See In re James Davenport & Sherman Nichols*, 147 F.3d at 607.

[23] *See In re James Davenport & Sherman Nichols*, 147 F.3d at 609-10.

sentence-enhancement statute; he is "innocent" (if his claim has merit) only in a technical sense.[24]

The distinction in *Davenport* readily applies to the difference between Mr. Adkins and the petitioner in *Triestman*. Mr. Adkins may have a valid challenge to one of the three "violent felony" convictions used to enhance his sentence. But he would remain guilty of the crime of conviction, possession of a firearm by a convicted felon. The petitioners that succeeded in *Triestman* and *Davenport* stood on different ground. They had been convicted of conduct that may no longer have been considered criminal based on a change in the case law.

The distinction is equally apt here, as no court has applied the savings clause to permit an attack on a prior conviction used as one of three prior "violent felonies" to enhance a sentence under Section 924(e). Thus, courts have held that the savings clause is not triggered by the Supreme Court's changing definition of a "violent felony" under 18 U.S.C. § 924(a).[25]

Without the ability to argue "actual innocence," Mr. Adkins must proceed through a motion to vacate the sentence (Section 2255) rather than a habeas petition (Section 2241).

---

[24]    *In re James Davenport & Sherman Nichols*, 147 F.3d at 609.

[25]    *See Perry v. Hickey*, 2009 WL 5942668, Westlaw op. at 3 (S.D. Ga. Nov. 20, 2009) (unpublished report & recommendation by magistrate judge) (rejecting application of the savings clause based on new decisions that prevent treatment of a failure to report based on the changing definition of a "violent felony"), *adopted*, 2010 WL 723000 (S.D. Ga. Mar. 2, 2010) (unpublished order by district judge); *Dority v. Roy*, 2010 WL 796248, Westlaw op. at 1, 3 (E.D. Tex. Mar. 8, 2010) (unpublished op.) (rejecting invocation of the savings clause because the "petitioner's argument is a challenge to his being sentenced as an armed career criminal, not to his conviction for being a felon in possession of a firearm").

## Argument Regarding the Suspension Clause

Mr. Adkins alleges that enforcement of the restrictions in Section 2255[26] would violate the Suspension Clause of the constitution. The Supreme Court has squarely rejected this theory.[27] As a result, the federal district court should do the same and reject Mr. Adkins' argument based on the Suspension Clause.

## Disposition of the Present Action

Mr. Adkins has challenged the validity of his sentence, and 28 U.S.C. § 2255 supplies the proper method for the Petitioner to seek relief.[28] As stated, Mr. Adkins has previously filed a petition under Section 2255, and the court denied relief.[29] Thus, the present action would be considered second or successive.[30]

Federal law provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[31] Because the

---

[26] As noted above, Section 2255 restricts the filing of second or successive motions. *See supra* pp. 2-3 & note 4. In addition, a one-year limitations period exists for motions arising under Section 2255. *See* 28 U.S.C.A. § 2255(f) (2009 supp.).

[27] *Swain v. Pressley*, 430 U.S. 372, 381-82 (1977).

[28] *See supra* p. 2.

[29] *See supra* pp. 2-3.

[30] *See supra* pp. 2-3.

[31] 28 U.S.C. § 2244(b)(3)(A) (2006); *see Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

present action is "second or successive" and Mr. Adkins has not asked the appeals court for authorization to proceed, the federal district court lacks jurisdiction.[32]

Without jurisdiction, the Court has two options:  dismissal or transfer to the court of appeals.[33]  To decide on the appropriate option, the Court asked Mr. Adkins his preference if the Court were to regard Section 2255 as the exclusive remedy.[34]  As a layman, Mr. Adkins understandably did not know and declined to express a preference.[35]

In the absence of a preference by Mr. Adkins, the Court considers whether dismissal or transfer would be in the interest of justice.[36]  The better option is dismissal.  In his opening memorandum, Mr. Adkins conceded that he cannot obtain relief under Section 2255 because his claim does not fit within the limited exceptions for a second or successive motion.[37]  Thus, little would be gained by *sua sponte* recharacterization of the petition and transfer to the sentencing court.  In these circumstances, the Court should dismiss the action rather than order a futile transfer.

---

[32]  *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (*per curiam*).

[33]  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (*per curiam*).

[34]  Enter Order (Apr. 27, 2010).

[35]  Enter Order (Apr. 27, 2010).

[36]  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (*per curiam*).

[37]  *See* 28 U.S.C.A. § 2255(h) (2009 supp.).

## Notice of the Right to Object

Mr. Adkins may file a written objection to this report and recommendation.[38] Any such objection must be filed with the Clerk of the United States District Court. The deadline for objections is June 4, 2010.[39] A failure to timely object would result in waiver of the right to appeal the suggested ruling.[40]

## Status of the Referral

The referral is discharged.

Entered this 18th day of May, 2010.

Robert E. Bacharach
United States Magistrate Judge

---

[38] *See* 28 U.S.C.A. § 636(b)(1) (2006).

[39] 28 U.S.C. § 636(b)(1) (2006); Fed. R. Civ. P. 6(d), 72(b)(2).

[40] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).